**Pullumb ZACE; Aluisa Zace; Ledia Zace, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72240.

Agency Nos. A76–376–865 to A76–376–867.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 2004.

Decided Aug. 19, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

James R. Patterson, Attorney at Law, San Diego, CA, for Petitioners.

Regional Counsel, Western Region, Laguna Niguel, CA, District Director, Office of the District Counsel, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, John C. Cunningham, Esq., Linda S. Wernery, Esq., Thankful T. Vanderstar, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: T.G. NELSON, TASHIMA, and FISHER, Circuit Judges.

## MEMORANDUM *

Pullumb Zace and his two minor daughters, Aluisa and Ledia ("Petitioner"),[1] petition for review of the Board of Immigration Appeals' streamlined affirmance of the immigration judge's ("IJ's") decision. The IJ denied Petitioner's request for asylum and withholding of removal. We deny the petition.

Although serious translation problems existed at the petitioner's hearing, Petitioner has demonstrated no prejudice from the problems. Accordingly, we must affirm on this ground.[2] We also affirm the IJ's conclusion that the Government introduced sufficient evidence of changed country conditions to rebut the presumption of future persecution to which Petitioner was entitled.[3] The IJ also properly rejected Petitioner's claim for asylum

---

1. Because the two daughters' petitions follow their father's, we include their petition when we refer to Mr. Zace's petition.

2. *See Acewicz v. U.S. INS,* 984 F.2d 1056, 1063 (9th Cir.1993) (noting that, in order to merit reversal, a due process violation must result in prejudice).

3. *See Baballah v. Ashcroft,* 367 F.3d 1067, 1079 (9th Cir.2004); 8 C.F.R. § 1208.13(b)(1)(i)(A).

based on humanitarian grounds.[4] Although the past persecution Petitioner suffered was serious, it was not so extreme as to justify this unusual form of relief.[5] Finally, although the IJ cited the wrong standard when he discussed his earlier conclusion that Petitioner had not demonstrated a well-founded fear of future persecution,[6] nothing indicates that he applied the wrong standard when he drew the earlier conclusion. As Petitioner acknowledges, the IJ cited the wrong standard in the course of making his discretionary determination and discussing the conclusion he had already reached, not during the substantive determination. Accordingly, we affirm.

Although we deny the petition, we feel compelled to note that the IJ's treatment of Mr. Zace at the hearing was very poor. We encourage the IJ to treat future petitioners entering his courtroom in a manner that comports with the dignity of his office.

PETITION DENIED.

FISHER, J., concurring.

I concur, but add a further observation by way of constructive criticism. To the extent the IJ's impatience and frustration with Zace was caused or exacerbated by the translation problems, the IJ should in the future consider postponing the hearing in order to obtain a competent interpreter, especially when so requested by counsel as in this case, thereby avoiding what appears here to have been an unnecessarily contentious hearing.

---

4. *See Acewicz,* 984 F.2d at 1062.

5. *Compare Matter of Chen,* 20 I & N Dec. 16, 21, 1989 WL 331860 (B.I.A.1989) (finding that years of physical and psychological torture and social isolation resulting in permanent anxiety justified grant of asylum on humanitarian grounds).

6. *Compare INS v. Cardoza–Fonseca,* 480 U.S. 421, 431, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987) (stating the proper standard: no reasonable possibility of persecution).